SUCCESSION OF JOHN W. DOUGH — JOHN B. MURPHY, Appellant.

In an instrument signed by the deceased and another, offered for probate as a nuncu-
pative will by public act, the notary, after stating that the act was executed by him
as dictated by the testator, in the presence of the witnesses required by law, added :
" The parties dispense with the certificate required by art. 3328 of the Civil Code,
and exonerate me, said notary, from all liability on account of the non-production of
the same.   All of which was done without interruption, and 'without turning aside
to other acts." &c.    *Held*, that the instrument is invalid as a nuncupative will by
public act ; that the stipulation relative to exonerating the officer from all liability
in consequence of not producing the certificate required by law, is a matter *inter
vivos*, foreign to dispositions *mortis causa* having nothing to do with the formalities
of the will ; and that its introduction was *a turning aside to another act*, and an *in-
terruption* of the formalities, which, were consequently not fulfilled *at one time*, as
required by art. 1571 of the Civil Code.

APPEAL from the Court of Probates of St Mary, *Dumar-
trait, J.*,

SIMON, J.   This is a contest between two persons, who res-
pectively pretend to be entitled to the testamentary executorship
of the last will of John W. Dough, deceased.

John B. Murphy made application to the court, *a qua*, to be
confirmed as testamentary executor, by virtue of an olographic
will of the deceased, dated the 18th of March, 1842.   This will
is in due form, and has been ordered to be executed.

To this application, Thomas Maskell, who had been previously
confirmed as executor in an *ex parte* proceeding, and to whom let-
ters testamentary had been delivered, made opposition, pretending
that the appointment of Murphy would be illegal, and that he, Mas-
kell, should be maintained in his appointment.   His pretentions
are founded upon an instrument dated the 14th of May, 1842,
purporting to be a power of attorney, with the most extensive pow-
ers for the administration of his affairs, given by John W. Dough
to Thomas Maskell, containing also, stipulations relative to a
mortgage given by the deceased upon his property, in favor of
said Maskell, and in case of death of the said Dough, " appointing
said Maskell testamentary executor of his estate, with full seisin
thereof."   This instrument is signed by both parties, and is clo-
sed as follows :   " This act was executed by me, as dictated by

said John W. Dough, and in presence of Joshua Baker, Stephen Duncan, and Pierre Picot, all three competent witnesses, above the age of majority, and residing in this parish, after the same had been read by me in presence of the parties and said witnesses. The parties dispense with the certificate required by art. 3328 of the Civil Code of this State, and exonorate me, said Judge, from all liability on account of the non-production of the same. All of which was done without interruption, and without turning aside to other acts, in Franklin, in the Parish and State aforesaid, on this 14th day of May, A. D. 1842, and signed by said parties, said witnesses, and me, said Judge, after due reading.

The Judge, a quo, considering that this instrument was made in due form as a nuncupative testament by public act, and should have the effect of revoking that portion of the olographic will of the deceased, by which John B. Murphy is appointed his testamentary executor, rejected said Murphy's application, and maintained Thomas Maskell in his former appointment and confirmation. From this judgment, John B. Murphy has appealed.

The instrument under which the appellee was appointed and confirmed testamentary executor of the last will of the deceased, appears to have been executed exclusively in relation to matters *inter vivos.* It contains no disposition *causa mortis,* except, that after the stipulation that the powers therein conferred *shall not be revoked by death or otherwise,* and that the claims therein secured by mortgage, shall not be enforced during the lifetime of the debtor, said debtor appoints his mortgage creditor and attorney in fact, the testamentary executor of his estate. This is immediately followed by the declaration of the Judge above recited, so as to give to the act the character of a will ; but it contains, in our opinion, a fatal defect, which alone is sufficient to destroy its validity as a nuncupative testament by public act.

One of the rules which must be strictly observed in the execution of nuncupative testaments by public act, is, that *all the formalities should be fulfilled at one time, without interruption, and without turning aside to other acts.* Civil Code, art. 1571. Here, the act itself shows that between the written declaration of the notary, that " the act was executed as dictated, &c," and the subsequent declaration that "it was done without interruption," &c., and

signatures of the parties and witnesses, the Judge and the parties *turned aside* to another act, that is to say, to a matter *inter vivos*, entirely foreign to dispositions *causa mortis*. This matter or stipulation, related to exonerating the Judge from all liability resulting from his not producing the certificate required by law, in the execution of acts of mortgage. This had clearly nothing to do with the formalities of the will ; those formalities were not fulfilled *at one time ;* they were interrupted, and were only continued after the subject matter of the stipulation had been provided for, agreed on between the parties, and written by the Judge in conformity to their agreement. The subsequent declaration of the Judge, that the act was done without interruption, and without turning aside to other acts, cannot cure the defect, for it appears on the face of the instrument itself ; and is such, in our opinion, as to make us feel no hesitation in declaring the act null and void, as a nuncupative testament by public act. No effect as such, should have been given to it below, and we think the Judge, *a quo*, erred in not appointing and confirming the appellant as the only testamentary executor of the last will of John W. Dough, deceased, and in not revoking or annulling the letters testamentary previously delivered to the appellee.

It is, therefore, ordered, that the judgment of the Court of Probates be annulled and reversed ; and it is ordered, that the former confirmation of Thomas Maskell, as testamentary executor of John W. Dough, deceased, be rescinded and annulled ; that John B. Murphy be confirmed in his appointment as such testamentary executor, under the olographic will of the deceased ; that he be sworn as such, and that letters testamentary be delivered to him accordingly. It is further ordered, that the costs in both courts be paid by the succession.

*Splane* and *J. P. Conrad*, for the appellant.

*Maskell, pro se.*